# Weber Chimney Company, Appellant, v. Brunswick-Balke-Collender Company, Appellee.

## Gen. No. 20,813.     (Not to be reported in full.)

Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 5, 1915.

## Statement of the Case.

Action by the Weber Chimney Company, a corporation, plaintiff, against the Brunswick-Balke-Collender Company, a corporation, defendant, in the Circuit Court of Cook county, to recover on a contract for building a chimney.

The action was for damages for a breach of contract, plaintiff averring, and introducing evidence tending to show that defendant broke the contract in not permitting plaintiff to proceed with the erection of a chimney, and defendant pleading as a defense that plaintiff had totally renounced the terms of the contract and its obligation to complete the construction of the chimney according thereto. The verdict was directed evidently on the theory that plaintiff's own evidence established such defense. The contract consisted of a written proposal and acceptance. Plaintiff's proposal was to erect a chimney at Dubuque, Iowa, of reinforced concrete construction 185 feet above the base of a foundation 12 feet below grade. The excavation and preparation of the ground therefor were to be made by defendant. The proposal was dated July 10, 1911, and called for prompt acceptance, which was given by letter two days later stating that the excavation would be completed about August 1st, but it was not in fact done until December 12th. In a letter in September, plaintiff expressed anxiety to do the work before cold weather. However, it undertook to perform its contract without any express modification of

its terms. It laid the foundation in the four days following December 12th, when freezing weather set in. The evidence showed that cement will not set in a temperature below 26 degrees above zero without employing artificial heat, and that its use would have required much expense and the erection of a building around the chimney structure. It also showed that owing to delays in transporting the "form units" required for cement construction and increasing cold weather—the mean temperature most of the rest of December being below 26 degrees above zero, and in January below zero—no further work in actual construction was done. But the material therefor had already been shipped to Dubuque. The proposal contained these provisions: "Material will be shipped in five days from receipt of order to ship, and about fifty working days are required for the completion of the work.  *  *  *  The delivery, erection and completion promised are contingent upon strikes, accidents or other causes of delay beyond our control." On January 4th representatives of the parties had an interview in which the causes of delay as aforesaid were explained by plaintiff's representative, he saying, "we are going to do the best we can to get it done, and the fact that it has got into winter is not our fault." Defendant's representative asked if plaintiff would agree to complete the chimney by February 20th. Plaintiff's representative said it depended on the weather, that they were going to get the job done as soon as they could, but were not going to promise impossibilities. Defendant's representative expressed a purpose to cancel the contract against which plaintiff's representative protested. Two days later defendant's attorney called up the latter by telephone and asked if he would agree to complete the chimney by March 1st, to which he replied, "we will if we can, but it all depends on the weather." On January 9th defendant wrote plaintiff a letter referring to such conversation and saying it left no alternative

Weber Chimney Co. v. Brunswick-Balke-Collender Co., 195 Ill. App. 9.

but to cancel the contract, and taking the position that plaintiff had practically abandoned the contract. Plaintiff declined to accept the cancellation and evinced its readiness to proceed with the work. Plaintiff undertook to prove that the term "working days" had by usage a special meaning in the trade or commerce of concrete construction. Defendant contended that the words have a definite and settled meaning in commerce and jurisprudence, that of days as they succeed each other exclusive of Sundays and holidays; that the language of the contract was clear and unambiguous, and that parol evidence of its meaning was incompetent. While the court took defendant's view it nevertheless heard evidence on the subject out of the hearing of the jury, but in directing the verdict treated it as received. Plaintiff's evidence tended to show the expense it had incurred in preparation for and partial performance of the contract, its readiness to complete the same, and the cancellation thereof by defendant because plaintiff would not guarantee completion of the structure by February 20th or March 1st. From a judgment for defendant, plaintiff appeals.

RANKIN, HOWARD & DONNELLY and J. S. DUDLEY, for appellant.

RYAN & CONDON, for appellee; IRVIN I. LIVINGSTON, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 301*—*when extension of time for performance should be granted.* A contract whereby plaintiff agreed to construct a chimney for defendant in "about fifty working days," and which expressly provides that delivery within the time named is contingent upon causes of delay beyond the control of plaintiff, entitles plaintiff

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to a reasonable extension of such period depending upon causes which may excuse such delay, and such contract does not limit plaintiff to exactly fifty days in which it must complete such construction.

2. CONTRACTS, § 322*—*what not equivalent to breach.* Where a contract provided that plaintiff should construct a chimney for defendant "in about fifty working days," and also expressly provided that the time named shall be contingent upon causes of delay beyond the control of plaintiff, and where plaintiff refuses to agree to complete the construction within a named time at the request of defendant, such refusal does not amount to a renunciation or abandonment of the contract by plaintiff, for the reason that plaintiff had a right to anticipate that the character of the work and the season of the year, which was winter, may cause delays which are excusable under the provisions of the contract and which may prevent the completion of construction within such named time.

3. CONTRACTS, § 319*—*when breach does not arise before time for performance.* In an action to recover on a contract whereby plaintiff agreed to construct a chimney for defendant in "about fifty working days," and where defendant sought to cancel the contract claiming breach by plaintiff, the question whether evidence that a special meaning of the term "working days" obtained in the construction trade was competent as bearing on the question of a breach is immaterial where it appears by applying defendant's construction of the words to the facts in the case that no breach had taken place when defendant canceled the contract.

4. APPEAL AND ERROR, §1392*—*when refusal of peremptory instruction not error.* In an action to recover on a contract whereby plaintiff agreed to construct a chimney for defendant in "about fifty working days," where the facts proved did not amount as a matter of law to a renunciation of the contract by plaintiff, peremptory instruction for defendant *held* erroneous.